[Civ. No. 4161. First Appellate District, Division One.—February 17, 1922.]

## ALFRED F. PARSHALL, Appellant, v. MARY T. PARSHALL et al., Respondents.

[1] TRUSTS—ACTION BY HUSBAND AGAINST WIFE AND OTHERS—OWNERSHIP OF PROPERTY—FINDINGS—EVIDENCE.—In this action by a husband against his wife and others to have a trust declared in certain real and personal property and to compel a conveyance thereof to plaintiff, the trial court having found upon sufficient evidence that plaintiff never owned any of the property which he sought to recover, that, as to the property derived from the estate of plaintiff's mother, his wife received the same as her sole and separate property, and that, while plaintiff during his marriage, had earned various sums of money from time to time from his labor, he had never given any portion of the same to his wife in trust or otherwise, those findings were determinative of the case and were controlling on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Ryckman for Appellant.

Wm. J. Variel for Respondents.

TYLER, P. J.—This is an action to declare a trust in certain real and personal property and to compel a conveyance thereof to plaintiff. An accounting is also asked for. By a fourth amended complaint it is alleged in substance that plaintiff and defendant Mary T. Parshall intermarried in September, 1885, and ever since have been husband and wife; that defendant Leonora B. Parshall is the daughter of plaintiff and defendant Mary, she having been adopted by them in the year 1888 when a child but a few months old; that defendant T. N. Fierce is a nephew of defendant Mary. That in the year 1894 one Harriet E. Carleton, the mother of plaintiff, died and left the sum of $13,547.70 in real and personal property to defendant Mary, but nevertheless in trust and upon the express understanding and agreement that she would hold the same, together with the rents, issues, and profits thereof, for plaintiff's benefit and support during his lifetime, and that upon his death the funds remaining in her hands should be distributed by Mary to the heirs at law of plaintiff or those designated by him. That Mary entered into possession of the property and managed and controlled the same. That during the twenty-nine years since their marriage plaintiff earned and placed in the possession of Mary sums of money with the understanding and agreement that the necessary proportion should be used for household expenses, and that the remainder should be held in trust by her for investment subject to the direction of plaintiff during his lifetime, and upon his death remainder over to his heirs. That said trust funds, together with the funds derived from plaintiff's mother, were commingled by Mary, and thereby formed one trust fund with which she purchased and took title in her own name certain real property, described in the complaint.

That prior to the twenty-fourth day of July, 1913, plaintiff demanded an accounting and requested defendant Mary to deliver and convey to plaintiff said trust property, but that she failed and refused to account or convey as demanded, whereupon plaintiff filed an action to compel her so to do. That subsequently the parties agreed to settle and compromise the suit upon the following conditions:

It was agreed, so it is alleged, that they should join in the execution of a deed to defendant Leonora B. Parshall of the real property involved in the suit, and that said

Leonora should hold the title to the same, together with the rents, issues, and profits thereof, for the use and benefit of plaintiff and subject to his direction, and in the event of his death, that she should distribute it to his heirs at law or to those designated by him.  It is then alleged that plaintiff was induced to enter into this compromise agreement through the fraudulent misrepresentations of all of the defendants, which misrepresentations were to the effect that the lawyers employed by plaintiff to enforce the terms of the alleged trust would rob plaintiff of his property, and that if the same was left with defendants Mary and Leonora, it would still be his and subject to his control and dominion, and that upon his death all expenses of administration would be avoided.  That at the time plaintiff entered into the agreement he was aged and infirm and unable to properly care for his interests, and that he relied upon the promises of his wife and daughter on account of the fiduciary relationship existing between them.  Further allegations recite that defendant Mary, without the consent of plaintiff, conveyed certain of the personal property belonging to the trust fund to defendant Fierce without consideration, and that he is still in possession of the same.  An accounting and conveyance of such trust property is prayed for.

Defendants, answering, admit that plaintiff's mother left to Mary the real and personal property described in plaintiff's complaint, but they deny that the same was left in trust or upon any agreement, express or implied, as alleged by plaintiff, but that, on the contrary, defendant Mary received such property as a specific devise under the last will of plaintiff's mother, absolutely as her sole and separate property, and that the same was distributed to her as such in the mother's estate.  Denial is made that defendant Mary ever received any sums of money from plaintiff to be invested by her for the purposes mentioned in the complaint, and in this connection defendants allege that plaintiff, during his entire married life, wholly failed to provide for his wife Mary the common necessaries of life, and that he finally deserted her.  The answer further denies that plaintiff was ever induced to enter into a compromise agreement through misrepresentation or fraud, and it is alleged that plaintiff at no time had any interest whatever in the real property described in the complaint, but that he joined in the execution

of a deed to such property merely as the husband of Mary and for no other purpose. It is then recited that defendant Mary never received any property of any kind or character from plaintiff, either community or otherwise, but that whatever earnings plaintiff acquired during his married life were spent by him in dissipation.

The case was tried before the court without a jury, and all the allegations contained in plaintiff's complaint were found to be untrue. It appears from the record that plaintiff and his wife have, since the year 1913, been engaged in extensive litigation. About that time plaintiff brought suit against his wife for divorce on the ground of cruelty. In that action he prayed judgment for all the property held by his wife. Defendant answered and cross-complained, and relief was denied both parties.

Plaintiff thereupon brought an action similar to the present one, by which he sought to have all the property held by his wife awarded to him. A few days thereafter the parties compromised their differences and entered into a written agreement concerning the same. This agreement recited the differences between the parties concerning their claims to the property held by defendant Mary, and provided that in settlement thereof that such property be conveyed to defendant Leonora in consideration that all claims between plaintiff and his wife concerning their title to the property, and all claims arising by way of alimony or maintenance be forever settled and released. The evidence fails to show, as alleged by plaintiff, that the property so conveyed to defendant Leonora was not absolute and freed from any condition. It does show, however, that about the time of the conveyance of the property to Leonora, plaintiff and his wife were sued for attorneys' fees. In this suit one-half the property was claimed by such attorneys, who alleged in their complaint that the property transferred by plaintiff and his wife to Leonora was conveyed in trust merely. In that action plaintiff herein made separate appearance by answer and alleged that such property was not held in trust for him or his wife, or either of them, and it here appears, according to his testimony, that the conveyance by him of whatever interest he may have had in the property was for the purpose of defeating the suit brought by the attorneys in their action against himself and wife.

[1] Plaintiff claims that the evidence shows that the conveyance made by him was to one occupying toward him a fiduciary relation, and is for that reason constructively fraudulent and should be set aside. We see no force in this contention. The trial court found upon sufficient evidence that the plaintiff never owned any of the property which he here seeks to recover. As to the property derived from the estate of plaintiff's mother, the finding is that defendant Mary received the same as her sole and separate property. With reference to any other property, the court found that while plaintiff had, during his marriage with defendant Mary, earned various sums from time to time from his labor, he had never given any portion of the same to his wife in trust or otherwise. These findings are fully supported by the evidence and are determinative of the issues in this case. The litigation between the parties presents a sordid tale. The evidence, however, is conflicting, and the determination of the facts was a question for the trial court to determine. Its findings and conclusions in the matter are controlling here.

For the reasons given the judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1922.

All the Justices concurred, except Sloane, J., Shurtleff, J., and Waste, J., who were absent.

Richards, J., *pro tem.*, was not acting.